## ALASKA S. S. CO. v. UNITED STATES.
### No. 20361.

District Court, W. D. Washington, N. D. March, 1932.

Bogle, Bogle & Gates, of Seattle, Wash., for plaintiff.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge.

On November 15, 1929, the steamship Depere was wrecked at or near Port McArthur, Southeastern Alaska, and unable to proceed on its voyage. No other vessel of plaintiff was available. The crew consisted of 35 seamen that were taken to Port McArthur and from there transported to Ketchikan, Alaska. The customs office, by the deputy collector at Ketchikan, took full charge of the crew upon arrival, and provided subsistence until transported on the plaintiff's steamship Yukon to port of Seattle, Wash., the Depere's debarking port.

Upon the arrival of the steamship Yukon at the port of Ketchikan, en route to Seattle, the deputy collector of customs, under the provisions of title 46 USCA §§ 678, and 679, required the master of said ship to transport said crew of seamen, and agreed in writing to pay therefor the sum of $397.20, being $13.24 for each seaman. The seamen were transported, landed at the port of Seattle on the 22d of November, 1929, which fact was certified by the United States collector of customs at the port of Seattle, and thereafter the said certificate was transmitted to the Treasury Department of the United States, together with a statement of account for said transportation, and the destitute seamen's certificate; and that thereafter payment thereof was denied for the given reason: "The duty of relieving and transporting the crew of shipwrecked vessels is primarily that of the owner or operator and where this duty has been undertaken the appropriation for the 'Relief and Protection of American Seamen' is not available to reimburse the owner or operator for the expense incurred in performing such duty." And this action followed.

The shipping articles contain the following provisions: "It is agreed between the Master and seamen, or mariners, of the S. S. Depere of New York, N. Y., of which J. Newland is at present Master, or whoever shall go for Master, now bound from the port of Seattle, Wash., to Ketchikan, Alaska, and such other ports and places in any part of Alaska and B. C., as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding two calendar months."

Benefits accruing to the seamen under the stipulation were wages and maintenance and

136

medical attendance and cure during voyage, and also right of the seamen to be returned.

By section 593, title 46, USCA, upon shipwreck, the right to wages terminated, and had a vessel of the plaintiff been available at Port McArthur, the obligation no doubt would have been executed; none available, the seamen were for the time considered as totally destitute (section 593, supra), and as such were maintained by the collector of customs and taken to Ketchikan where a ship of the plaintiff was available, and there delivered to the master of the Yukon, plaintiff's vessel, with a certificate of the deputy collector of the destitute condition of the seamen, and on agreement to transport for a stipulated sum. See section 543, title 46, USCA.

■ No point is made that the collector was not qualified to make the agreement and certificate of destitute seamen. As to the point that the law has no application to Alaska, it may be said that the court judicially knows that Alaska is not contiguous to the United States; that geographically it is foreign; and that by the Act of January 3, 1923 (42 Stat. 1072), and repeated thereafter (43 Stat. 1017; 44 Stat. 334, 1183; 45 Stat. 68, 1098), seamen in Alaskan waters are placed on the same basis as seamen of the politically foreign countries, and appropriations made "for relief and protection of American seamen in * * * the territory of Alaska."

The primary object of the appropriation is for the relief of destitute seamen, and not for the benefit of the steamship company. Upon being delivered to the master of the plaintiff's ship, Yukon, at Ketchikan, the seamen were no longer destitute. The plaintiff was able to maintain its obligation to return the seamen to the place of debarkation, and the certificate of the deputy collector, though it may have been the inducing cause to the master to accept the seamen for transportation, gave no right to the company for compensation out of the destitute seamen's fund.

This court, in passing upon the demurrer to the complaint, said that to deny the right would deprive the owner of the vessel of the privileges of the limitation of liability statute. The trial developed nothing which would operate against the owner in the issue at bar on that account. There is no evidence that the vessel was lost, nor was limitation of liability invoked, and the mere assertion of right is because of the disablement of the ship and the destitute seamen's appropriation fund.

An order of dismissal may be presented.